# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1514V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
ARTHUR ZERBEY,                      *
                                    *        Special Master Corcoran
                                    *
           Petitioner,              *        Filed: June 25, 2018
                                    *
       v.                           *        Final Attorney's Fees and
                                    *        Costs.
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
           Respondent.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for Petitioner.

*Camille Michelle Collett,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 15, 2016, Arthur Zerbey filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that as a result of receiving the influenza vaccine on September 16, 2015, he developed brachial plexitis. *See* Petition at 1, filed Nov. 15, 2016 (ECF No. 1). The parties ultimately agreed that the issues before them could be informally resolved, and submitted a stipulation for damages on February 22, 2018, which I adopted by decision that same day (ECF Nos. 24-25).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs. *See* Motion for Attorney's Fees, dated June 6, 2018 (ECF No. 30) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $13,082.76 (representing $12,751.25 in attorney's fees, plus $331.51 in costs). *Id.* at 1-2. In accordance with General Order No. 9, Petitioner indicated that his expenses totaled $400.00. *See* General Order No. 9, dated June 6, 2018 (ECF No. 31). Respondent filed a document reacting to the fees request on June 12, 2018, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 32 at 2, 4.

Vaccine Program attorneys are entitled to a fees award in successful cases. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner's fee application includes attorney billing records that indicate that the work performed in this case has been divided among several Homer Firm attorneys—Mr. Pepper, Ms. Ciampolillo, Ms. Faga, Ms. Daniels, and Mr. Homer—plus some Homer Firm paralegals and law clerks. *See generally* Fees App., Tab A. Petitioner's fees application requests compensation for the Homer Firm, in the total sum of $12,751.25, for work performed from May 2016 to June 2018, at hourly rates of $297-$305 for Mr. Pepper, $307 for Ms. Ciampolillo, $135-$279 for Ms. Faga,

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

$280-$286 for Ms. Daniels, $400-$421 for Mr. Homer, $145-$148 for law clerks, and $135-$142 for the paralegals. Fees App., Tab A at 14. Petitioner also seeks to recover $371.35 in costs (including document collection, travel expenses, and photocopying costs). Fees App., Tab B at 16-27.

I have determined in prior cases that the Homer Firm is entitled to forum rates, and I find herein as well that the hourly rates requested are reasonable, and in accordance with the Vaccine Program forum-rate guidelines. *See, e.g.*, *Emerson v. Sec'y of Health & Human Servs.*, No. 15-042V, slip op. (Fed. Cl. Spec. Mstr. May 30, 2018); *Reese v. Sec'y of Health and Human Servs.*, No. 16-1117, 2018 WL 2225591, at *2 (Fed. Cl. Spec. Mstr. Apr. 2, 2018); *Stepp v. Sec'y of Health & Human Servs.*, No. 14-851V, 2018 WL 793426, at *1 (Fed. Cl. Spec. Mstr. Jan. 2, 2018); *Barrett v. Sec'y of Health & Human Servs.*, No. 09-389, 2014 WL 2505689, at *8 (Fed. Cl. Spec. Mstr. May 13, 2014). The rates requested in this case are equivalent to those awarded to counsel in my previous decisions and I will award them in full without reduction. In addition, the increased amount requested ($279 per hour) for Ms. Faga for work completed in 2018 is reasonable and consistent with the hourly rate chart set forth by the Office of Special Masters and the producer price index for the office of lawyers ("PPI-OL").[4]

In addition, based on my review of the timesheets submitted, it appears the tasks performed on the case to date were reasonable. Thus, I will award all time billed to the matter by the Homer Firm. I will similarly award all categories of costs requested herein as invoiced by the Homer Firm and by Petitioner, as they appear reasonable and Respondent did not note any specific objections.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of final fees and cost awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of **$13,082.76** in final fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Ronald Homer, Esq. I also award **$400.00** in the form of a check payable to Petitioner, Arthur Zerbey, for his personal expenses incurred in this matter. In the absence of a motion for review filed pursuant

---

[4] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018, https://www.uscfc.uscourts.gov/node/2914 (last accessed on June 25, 2018). The Office of Special Masters currently favors using the producer price index for the office of lawyers ("PPI-OL") to measure for inflation. Ms. Faga's PPI-OL inflated rate for 2018 was calculated by multiplying her 2017 hourly rate ($271) by the PPI-OL index for January 2017 (207.7), and then dividing by the PPI-OL index for January 2016 (201.8). Here, the PPI-OL calculation for Ms. Faga's 2018 increased rate results in roughly the same amount that she has requested herein ($279). Thus, there is no reason to adjust Ms. Faga's requested 2018 rate.

to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]


      **IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.